# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:13-cv-00084-MR
# (CRIMINAL CASE NO. 1:01-cr-00048-MR)

| | |
|---|---|
| TIMNAH RUDISILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's "Motion to Vacate Sentence under § 2241; Alternative Petition for Writ of C*oram Nobis*; Alternative Petition for a Writ of *Audita Querela*" [Doc. 1] and the Respondent's Motion to Dismiss [Doc. 10].

By the present petition, the Petitioner seeks sentencing relief based on the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Because the Petitioner challenges the application of a mandatory minimum sentence and seeks relief under 28 U.S.C. § 2241, this Court held this action in abeyance pending the Fourth Circuit's decision in Surratt v. United States, No. 14-6851 (4th Cir.). The issue presented in Surratt was whether sentencing relief under § 2241 and the savings clause

of 28 U.S.C. § 2255(e) is available for a defendant whose sentence was increased based upon a mandatory minimum term of imprisonment that Simmons established should not have been applied. After the Fourth Circuit heard oral argument en banc, Surratt's sentence was commuted. Accordingly, the Fourth Circuit dismissed his appeal as moot. Surratt sought a writ of certiorari from the United States Supreme Court, arguing that the Fourth Circuit's decision was in error. The Supreme Court denied Surratt's petition on December 11, 2017.

Like Surratt, the Petitioner also received a commutation of his sentence. [See Criminal Case No. 1:01-cr-00048-MR-9, Doc. 701]. Because the Petitioner is currently serving a presidentially commuted sentence and not a judicially imposed sentence, his § 2241 petition is now moot. See United States v. Surratt, 855 F.3d 218, 219 (4th Cir. 2017) (Wilkinson, J., concurring in the dismissal of Surratt's appeal as moot).

The Petitioner's alternative petitions must also be denied. As for the Petitioner's request for coram nobis relief, such relief is available only when all other avenues of relief are inadequate and where the defendant is no longer in custody. In re Daniels, 203 F. App'x 442, 443 (4th Cir. 2006) (per curiam); United States v. Mandel, 862 F.3d 1067, 1075 (4th Cir. 1988). Here, the Petitioner is still in custody and thus he is not entitled to coram nobis

relief. As for the Petitioner's alternative request for a writ of audita querela, the claim asserted is one that would be cognizable under § 2255 but for the Antiterrorism and Effective Death Penalty Act's limitation of the right to file a second or successive petition. Accordingly, the writ of audita querela is not available to him. See Coleman v. United States, No. 7:07cv346-3-MU, 2007 WL 4303717, at *2 (W.D.N.C. Dec. 10, 2007) ("The fact that § 2255 relief is now unavailable to Petitioner because of the Antiterrorism and Effective Death Penalty Act's limitation of the right to file a second or successive petition, does not make § 2255 unavailable to him for purposes of being permitted to file a writ of audita querela."), aff'd, 274 F. App'x 340 (4th Cir. 2008).

For all of these reasons, the Petitioner's petition is denied and dismissed.

**IT IS, THEREFORE, ORDERED** that Respondent's Motion to Dismiss [Doc. 10] is **GRANTED**, and the Petitioner's "Motion to Vacate Sentence Under 28 U.S.C. § 2241; Alternative Petition for Writ of *Coram Nobis*; and Alternative Petition for a Writ of *Audita Querela*" [Doc. 1] is **DENIED AND DISMISSED**.

**IT IS SO ORDERED.**

Signed: February 23, 2018

Martin Reidinger
United States District Judge

3